**SO ORDERED.**

**SIGNED September 19, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
                  UNITED STATES BANKRUPTCY COURT
                  WESTERN DISTRICT OF LOUISIANA


IN RE:

ELIZABETH MARIE MALLET                        CASE NO. 06-50564

     Debtor                                   CHAPTER 13
--------------------------------------------------------------------
                       REASONS FOR DECISION
--------------------------------------------------------------------
```

Elizabeth Marie Mallet ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on July 26, 2006. As the Debtor's prior chapter 13 was pending within one year of the filing, the Debtor filed a Motion to Extend Automatic Stay ("Motion"). The Motion was opposed by Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"). A hearing on the Motion was held on August 30, 2006. After hearing argument, the court took the matter under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## LAW and DISCUSSION

Prior to July 26, 2006, the Debtor was the owner of a mobile home upon which Vanderbilt held a valid and perfected security interest. The sole issue presented is whether the Debtor retained any interest in the mobile home at the time of filing.

Following the dismissal of the Debtor's prior case, Vanderbilt took steps to foreclose upon the property and a judicial sale was scheduled for July 26, 2006. The sheriff's sale was concluded at 10:15 a.m. with Vanderbilt being the successful purchaser as it was the last and highest bidder. The Debtor's chapter 13 case was filed shortly thereafter, at 11:58 a.m. According to the St. Landry Parish Sheriff, the Proces Verbal was prepared but not recorded, nor has the Sheriff's deed been recorded.

The Debtor argues that as the papers documenting the sale have not been completed and recorded, the sale is not final. On the other hand, Vanderbilt contends that the sale was final when the sheriff's gavel fell at the auction.

Did the Debtor retain any property rights in the mobile home at the exact time the petition was filed? If so, the Debtor's relationship to Vanderbilt with respect to that property is now controlled by bankruptcy law. Otherwise, however, the issue must be resolved by reference to the laws and jurisprudence of the State of Louisiana. <u>Butner v. United States</u>, 440 U.S. 48, 54, 99 S.Ct. 914, 918 (1979)("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.")

Article 2439 of the Louisiana Civil Code ("CC") provides that thing, price and consent are required for the perfection of a sale. CC article 2456 provides that ownership is transferred as soon as there is an agreement as to the price and thing, even though the thing sold is not yet delivered nor the price paid. Finally, Article 2342 of Louisiana Code of Civil Procedure provides that:

> Within fifteen days after the adjudication, the sheriff shall pass an act of sale to the purchaser, in the manner and form provided by law.
>
> The act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford proof of it.

Page 3

The interpretation of article 2342 by the court was necessary in the case of <u>Dryades Savings and Loan Association v. Givens</u>, 602 So.2d 325 (La.App. 4th Cir. 1992). In that case, Dryades commenced foreclosure against real property owned by Givens. Dryades was the last and highest bidder, acquiring the property by credit bid. Before the sheriff's deed was given to Dryades, however, Givens filed a petition seeking to enjoin the sheriff from executing and delivering the deed.

After quoting article 2342, with emphasis on the second paragraph, the court stated (citations omitted):

> Under the provisions of the above article, the purchaser of property sold at judicial sale acquires a "vested right" in the property such that it can be taken from him only if he fails to comply with the terms of the sale. Thus, the judicial sale invests the purchaser with "all the rights and claims which the party in whose hands it was seized had to the property." The sheriff's deed "merely evidences confirmation of the adjudication."
>
> Thus, Dryades became the owner of the properties in question at the time its bid for the property was accepted on April 18, 1991; any rights Givens had in the property were terminated at that time.

602 So.2d at 326-7. The court concluded that since the petition for injunction was not filed until "after the judicial sale had been completed . . ., Givens has no right to injunctive relief." <u>Ibid</u>.

In this case, the mobile home was adjudicated to Vanderbilt prior to the filing of the Debtor's voluntary petition. In accordance with the foregoing, therefore, the Debtor's rights in

Page 4

06-50564 - #29 File 09/19/06 Enter 09/19/06 11:28:49 Main Document Pg 4 of 5

the mobile home were terminated upon the adjudication of the mobile home to Vanderbilt.  For that reason, the Motion must be **DENIED**.  A separate order in conformity with the foregoing reasons has this day been entered into the record of this proceeding.

###